UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00002-HBB

MICHELLE TRENT                                                             PLAINTIFF

VS.

TIMOTHY B. ANDERSON, et al.                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendants' motion for summary judgment, DN 30. Plaintiff Michelle Trent has responded in opposition at DN 32 and Defendants have replied at DN 33. The parties have consented to the undersigned's exercise of dispositive authority pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (DN 9).

### Nature of the Case

Trent brings this action seeking recovery for injury sustained in a motor vehicle collision. On September 14, 2013, Trent was operating a motor vehicle on the property of a shopping mall. Defendants operated a tractor trailer which was making a delivery to one of the stores in the mall. The operator of Defendants' vehicle was apparently unaware that Trent was behind him when he began backing up to the loading dock, and the trailer made contact with Trent's vehicle.

### Defendants' Motion for Summary Judgment

Defendants move for summary judgment under Fed. R. Civ. P. 56. Defendants argue that they are entitled to summary judgment because Trent has failed to timely identify expert

witnesses in accordance with the scheduling order. Without such expert testimony, Defendants further contend, Trent cannot establish the necessary legal element of causation to support her claims.

In support of their argument, the Defendants outline the proceedings in the case as follows:

1. The case was removed to this court under diversity jurisdiction on January 15, 2016.

2. On March 10, 2016, the undersigned entered a scheduling order in the case. That order provided a deadline of November 1, 2016 for Trent's disclosure of the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and to submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(B) (*see* DN 10).

3. On December 21, 2015, the Defendants served Trent with an interrogatory inquiring as to the identity and testimony of any expert witnesses. Trent responded to the interrogatory with an objection that the inquiry encroached upon attorney work product and that she would supplement the response in accordance with the rules and pretrial orders of the court.

4. On February 21, 2017, the Defendants served Trent with a supplement interrogatory inquiring as to whether any healthcare professional has identified any specific medical treatment required in the future for injuries sustained in the accident. If so, Trent was to identify the provider and the nature of the treatments. Trent responded to the interrogatory that in answer

was "unknown." In addition, Defendant repeated the earlier interrogatory regarding expert witnesses, to which Trent responded as before.

While Trent did file an expert identification by the deadline established in the scheduling order, she only included the names of her treating physicians and provided no reports or description of the anticipated testimony (DN 25).

Defendants argue that, as a diversity case, Trent must satisfy a three-element test under Kentucky law to establish negligence on the Defendants' part. Those elements are (1) that the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty under the applicable standard of measure, and: (3) the breach was the legal causation of the injury. Simmons v. Strong, 978 F. Supp. 2d 779, 783 (E.D. Ky. 2013); Pathways, Inc. v. Hammons, 113 S.W.3d 85, 88-89 (Ky. 2003). Defendants cite Blair v. Geico Gen. Ins. Co., 917 F. Supp. 2d 647, 657 (E.D. Ky. 2013) for the proposition that "Kentucky law usually requires expert or medical testimony to establish that an incident legally cause a medical injury." Defendants acknowledge that there are exceptions when causation is so apparent that a layperson would recognize it based upon general knowledge. *See* Blair, 917 F. Supp. 2d at 657. Defendants argue, however, that this "readily apparent" exception is a high bar and, even if met in this case regarding the injury, projection of future medical expenses, pain and suffering and lost earnings are clearly beyond the ken of the average layperson. Defendants further argue that Trent's past medical history is complicated, and the jury cannot unravel causation without expert testimony.

Defendants contend that Trent has failed to identify any medical experts for purposes of testifying as to future consequences of her injuries including treatment and suffering. If her treating physicians are permitted to testify, Defendants assert that their testimony must be limited to their direct knowledge of her course of treatment as a matter of fact, and they may not stray

into expert opinion as to what the future holds. Consequently, Defendants move for summary judgment on Trent's personal injury claim on the basis that she cannot establish by expert testimony a causal connection between the accident and her claimed injuries. In the alternative, Defendants move for summary judgment on her claims for future medical expenses, impairment of power to earn money and medical expenses because, even if her treating physicians are permitted to testify, they cannot offer expert opinions as to these aspects of the claim.

Trent's Response

Trent responds to the Defendants' motion with the assertion that she has complied with "both the letter and the spirit of the scheduling order" (DN 31, p. 3). She notes that on April 1, 2016 she filed her initial disclosure naming the treating physicians who would testify regarding "plaintiff's injuries, treatment, medical expense, pain and suffering, future treatment and prognoses" (Id.). She states that she also provided Defendants with a full copy of her medical records in her possession. On November 1, 2016, the deadline established by the scheduling order, she provided a disclosure of the identities of her non-retained experts who may testify. As she has no retained experts, she explains that no reports were required.

By Trent's reading of the scheduling order, she has done all that is required. She notes that Rule 26(a)(2)(D) requires that expert disclosures must be made 90 days before trial absent a stipulation or court order. She states that the scheduling order only required her to <u>identify</u> experts not specifically retained for purposes of testifying at trial. As the scheduling order did not set a deadline for making further disclosures regarding non-retained experts, she concludes that the default 90-day-before-trial deadline applies. Further, she notes that her initial disclosure identified her treating physicians and the general topics on which they would offer testimony.

This, along with the information provided by way of her medical records, she contends, provides more than sufficient information to put Defendants on notice of the anticipated trial testimony.

In the event the Court disagrees with her contention that she has satisfied both the letter and spirit of the scheduling order, Trent asks that she be permitted to supplement her disclosure, as any failure was "a misinterpretation or misunderstanding as to what was required by the scheduling order" (DN 31, p. 7).

### Defendants' Reply

Defendants argue that Trent's reading of the scheduling order ignores Rule 26(a)(2)(C), which requires a disclosure of a non-retained expert's testimonial subject matter as well as a summary of the opinions which the expert will express and the facts upon which those opinions are based. While Trent did identify the non-retained experts, she did not provide any more information. Moreover, Defendants note that they inquired in interrogatories about any expert witnesses, and Trent was under an obligation to supplement those answers under Rule 26(e). The scheduling order required this supplementation no later than thirty days before the end of discovery (DN 10, ¶ 1). Discovery of expert witness testimony closed on March 31, 2017 (Id. at ¶ 5).

As to Trent's assertion that Defendants are in possession of sufficient notice of anticipated treating physician testimony by virtue of the prior production of medical records, Defendants dispute that this is a sufficient disclosure. They note that the records include pre-existing complaints and lack an evaluation of causation.

Defendants point out that, under Fed. R. Civ. P. 37, undisclosed experts are excluded unless the failure is substantially justified or harmless. In this instance, Defendants contend they

will be harmed by allowing Trent to present expert testimony when they have been denied sufficient advance notice to prepare their defense.

Discussion

1. <u>Whether Trent has complied with the scheduling order and rules.</u>

Trent argues that she has complied with both the letter of the order and spirit of the rules. The scheduling order addressed the timing of expert disclosures as follows:

> (2) **No later than November 1, 2016**, counsel for the Plaintiff shall disclose the identity of any person who may be used at trial to provide expert testimony under Fed. R. Civ. P. 26(a)(2)(A) and shall submit written reports from any expert witnesses who are retained or specifically employed as required by Fed. R. Civ. P. 26(a)(2)(B).

(DN 10 at ¶ 2).

Trent notes that she did file a disclosure on the deadline date which identified persons whom she may call as an expert at trial. As these are non-retained experts, she properly concludes that she was under no obligation to provide a written report.

Magistrate Judge Lindsay has explained the operation of Rule 26(a):

> Rule 26(a)(2)(A) states that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under *Federal Rule of Evidence 702, 703, or 705.*" *Fed. R. Civ. P. 26(a)(2)(A).* Under *Rule 26*, experts are divided into two categories: those who are required to provide written reports and those who are not. Generally speaking, a treating physician falls into the second category of experts – those who are not required to provide a report. . . . Even with a treating physician, however, a party must disclose: "(i) the subject matter on which the witness is expected to present evidence under *Federal Rule of Evidence 702, 703, and 70*; and (ii) *a summary of the facts and opinions to which the witness is expected to testify.*" Fed. R. Civ. P. 26(a)(2)(C) (emphasis added).

Allen v. Outback Steakhouse of Fla., LLC, No. 3:14-CV-211-CRS, 2015 U.S. Dist. LEXIS 168546, at *2-3 (W.D. Ky. Dec. 17, 2015) (citations omitted); *see also* McFerrin v. Allstate Prop. & Cas. Co., 29 F. Supp. 3d 924, 930 (E.D. Ky. 2014) (A party must disclose the identity, subject matter, and a summary of the expected testimony of any witness providing an opinion even if that witness has not been specifically retained for trial).

Because the scheduling order only referenced the disclosures mandated by Rule 26(a)(2)(B) and does not specifically discuss the disclosures mandated by Rule 26(a)(2)(C), Trent reasons that the deadline did not apply to that portion of the rule and, therefore, the default deadline of Rule 26(a)(2)(D) of 90 days before trial applies. The default deadline applies "absent a stipulation or court order" providing otherwise. Id. Consequently, Trent contends that her obligation to provide a summary of her experts' anticipated testimony has not yet arisen. In essence, Trent's reading of the scheduling order divorces Section (C) of Rule 26(a)(2) from sections (A) and (B).

The problem with Trent's interpretation of the order is evident by the fact that the order explicitly closed *all* expert discovery on March 31, 2017 (DN 10 at ¶ 5). If Trent's reading of the order is correct, it would mean that she would not be obligated to disclose the anticipated testimony of her experts until after the deadline for expert discovery, thus preventing the Defendants from undertaking any discovery about those disclosures.

Even if Trent was correct in her interpretation, it still does not explain her failure to comply with the requirement that she supplement her answers to interrogatories pursuant to Rule 26(e). The scheduling order mandated that all supplementations under the rule be made no later than 30 days prior to the end of discovery (DN 10 at ¶ 1). In this regard, Defendants propounded an interrogatory to Trent asking for the following information:

7

> **INTERROGATORY NO. 17**: With regard to any expert witness you expect to call at trial, provide the expert's name, address, area of expertise and resume or curriculum vitae. In addition, state the subject matter on which the expert is expected to testify, as well as the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
>
> Trent responded:
>
> Objection. Work Product. Plaintiff will supplement this response as required by the Rules and the pretrial orders of this court.

(DN 30-5).

Essentially, Defendants propounded an interrogatory mirroring the information required to be disclosed under Rule 26(a)(2)(C). Trent failed to supplement the response as required by both the rules and the scheduling order.

2. Whether Trent's disclosure was sufficient.

With regard to Trent's expert witness disclosure filed on November 1, 2016 (DN 25), the disclosure merely provides a list of persons who may testify as experts. It does not identify the subject matter upon which they will testify nor does it contain any summary of their expected testimony. The disclosure, therefore, clearly fails to satisfy the requirement of Rule 26(a)(2)(C).

Trent's initial Rule 26 disclosures also cannot be considered an adequate substitute for the expert disclosure. In that pleading Trent listed the names of her treating healthcare providers and stated that they would testify "regarding Plaintiff's injuries, treatment, medical expense, pain and suffering, future treatment and prognosis" (DN 11). While this provides a broad statement of the subject matter upon which the experts are expected to testify, it provides no guidance as to the topic on which any particular witness will testify notwithstanding that the list includes physicians, an Advanced Practice Registered Nurse, a Certified Physician Assistant and a physical therapist. Moreover, it provides no summary of the expected testimony.

Trent's argument that providing Defendants with her medical records from which Defendants can deduce the opinions of her treating physicians, also fails. Simmerman v. Ace Bayou Corp., No. 5:14-382-DCR, 2016 U.S. Dist. LEXIS 2207, at *9 (E.D. Ky. Jan. 8, 2016) (initial disclosure that witness may have relevant information combined with a report and photographs is insufficient notice regarding expert testimony); McFerrin, 29 F. Supp. 3d at 931-32 (defendant's knowledge of identity of treating physicians and possession of medical records insufficient to satisfy duty of disclosure under Rule 26).

3. Whether Trent's failure to make a timely disclosure is "substantially justified or harmless."

"The Sixth Circuit has characterized Rule 37(c)(1) as requiring 'absolute compliance' with Rule 26, with the sanction of exclusion being 'automatic and mandatory unless the sanctioned party can show that its violation was either justified or harmless.'" Sierra v. Williamson, No. 4:10-CV-00079-TBR, 2013 WL 3280269, at *2 (W.D. Ky. June 27, 2013) (*quoting* Roberts v. Galen of Va., Inc., 325 F.3d 776, 782 (6th Cir. 2003)). The inquiry focuses on harmlessness and not prejudice. The Rule 37 advisory committee note "strongly suggests that 'harmlessness' involves an honest mistake on the party of a party coupled with sufficient knowledge on the part of the other party." Blair, 917 F. Supp. 2d at 656; *see also* Sierra, 2013 WL 3280269, at *2. "An honest mistake is one that would not indicate bad faith, or an attempt to conceal information, which would include a genuine misinterpretation or misunderstanding of a rule or order." Blair, 917 F. Supp. 2d at 656.

Here, it appears that Trent failed to make an adequate disclosure of the anticipated testimony of her non-retained expert witnesses due to an honest mistake in interpreting the requirement under paragraph 2 of the scheduling order. It is true that the order makes explicit

reference to sections (A) and (B) of Rule 26(a)(2), but is silent regarding section (C). At least one court has held that, where a scheduling order addressed a deadline for providing reports under section (B) but was silent in regard to a deadline for section (C) non-retained expert disclosures, the deadline established in the order only applied to provision of reports under section (B) for retained experts. *See* <u>WH Holdings, LLC v. Ace Amer. Ins. Co.</u>, No. 07-7110 SECTION "A" (5), 2012 U.S. Dist. LEXIS 142446, at *2-3 (E.D. La. Oct. 2, 2012). The undersigned concludes that the manner in which the scheduling order is drafted does create a potential for an honest mistake in interpretation. Future scheduling orders will make clear that disclosures under section (C) are included in the deadline to avoid any misunderstanding.

The Court also notes that the deadline for expert disclosures was November 1, 2016, but upon receiving the disclosures the Defendants did not raise the issue of sufficiency for another six months until filing the subject motion for summary judgment, after the expert discovery deadline had expired. Equity does not favor a party which identifies a deficiency but does not make a prompt effort to resolve the deficiency. *See* <u>Harvey v. Dist. of Columbia</u>, 949 F. Supp. 874, 877 (D.D.C. 1996) (court would not exclude expert testimony when opposing party was in possession of deficient report for 30 days, but waited until the day before the discovery cut-off date to raise objection to adequacy of report); <u>Merancio v. Smith & Nephew, Inc.</u>, No. 1:15-cv-00807-DAD-EPG, 2017 U.S. Dist. LEXIS 78352, at *14 (E.D. Cal. May 23, 2017) (Striking witness testimony too harsh a sanction when opposing counsel failed to pursue the information.); <u>Weber v. Eco-Adventures, Inc.</u>, No. 02-00596 ACK/BMK, 2004 U.S. Dist. LEXIS 27485, at *11 (D. Haw. April 2, 2004) (Waiting nine months and filing motion on eve of discovery deadline did not justify exclusion of expert testimony).

The Court further notes that Defendants filed a motion to compel Trent's late answers to interrogatories (DN 14) and then withdrew that motion (DN 16) on July 1, 2016, presumably because they obtained the answers. To the extent that Trent's answers to interrogatories about expert witnesses were deficient, Defendants had more than sufficient time to register an objection.

In sum, the circumstances in this case merit the same approach which District Judge Russell employed in Sierra:

> [T]he Court is of the opinion that although Plaintiff failed to timely disclose Dr. Patel in accordance with Rule 26, Plaintiff has made a sufficient showing that her failure was, in effect, more or less harmless and with some justification. As such, the Court finds that an all-or-nothing outcome is not warranted here – that is, the interests of justice are not served either by excluding Dr. Patel outright as Defendants now seek, nor are those interests served by allowing Dr. Patel to render expert testimony absent Defendants having some opportunity to depose him and, if necessary, secure their own expert to rebut his testimony.

Sierra, 2013 WL 3280269 at * 3.

It remains to be seen whether Trent's treating physicians can supply testimony establishing causation. At this point, however, the undersigned is not prepared to conclude that Trent is foreclosed from offering expert testimony on the issue due to her failure to comply with the disclosure deadline.

**IT IS HEREBY ORDERED** that the Defendants' motion for summary judgment (DN 30) is **DENIED, WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is directed to provide Defendants with a supplementation of their answers to interrogatories and an expert witness disclosure which fully comports with Rule 26(a)(2)(C) by June 16, 2017.

**IT IS FURTHER ORDERED** that Defendants are granted until August 15, 2017 to take expert discovery.

**IT IS FURTHER ORDERED** that Defendants shall file dispositive motions and Daubert motions by **no later than September 14, 2017**.

**IT IS FURTHER ORDERED** that a telephonic status conference shall be conducted on **August 22, 2017 at 9:30 C.D.T.** The call will be initiated by the Court.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

June 12, 2017

Copies to: Counsel of Record